NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VALERIE M. FOBBS,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7154

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1998, Judge Davis.

---

Decided: December 12, 2011

---

VALERIE M. FOBBS, of Garland, Texas, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of

counsel on the brief were DAVID J. BARRANS, Deputy
Assistant General Counsel, and CHRISTA A. SHRIBER, Staff
Attorney, United States Department of Veterans Affairs,
of Washington, DC.

———————————

Before NEWMAN, PLAGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Valerie M. Fobbs, surviving spouse of veteran Charles
C. Fobbs, seeks review of the February 28, 2011, memo-
randum decision of the United States Court of Appeals for
Veterans Claims ("Veterans Court").[1]   That decision
affirmed a May 20, 2009, decision of the Board of Veter-
ans' Appeals ("Board") that denied service connection for
the cause of Mr. Fobbs' death.  Because Mrs. Fobbs does
not raise any issues within our jurisdiction, we *dismiss*
her appeal.

## I.   BACKGROUND

The veteran, Charles C. Fobbs, served on active duty
in the Merchant Marine from April 1942 to August 1945,
including extended service at sea during WWII.  Mr.
Fobbs passed away on January 2, 1985.  His death certifi-
cate indicated that he died from pneumococcus meningi-
tis, sepsis, and a urinary tract infection.  At the time of
his death, Mr. Fobbs was not service connected for any
disabilities.

Years later, the veteran's surviving spouse, Valerie M.
Fobbs, in August 1998 filed a claim for service connection
for the cause of her husband's death.  Mrs. Fobbs con-

———————————

[1]    *Fobbs v. Shinseki*, No. 09-1998 (Vet. App. Feb. 28,
2011).

tended that her husband's death was related to his exposure to asbestos while in service. The Veterans Affairs ("VA") regional office ("RO") denied Mrs. Fobbs' claim in November 2000, February 2002, and March 2003.

In May 2003, Mrs. Fobbs appealed to the Board. The Board requested an opinion from a VA medical examiner as to whether Mr. Fobbs' death was caused by, or related to, possible exposure to asbestos. The examiner opined that Mr. Fobbs' possible exposure to asbestos while in service had no bearing on his death. Based on that opinion, the Board concluded that there was no competent evidence of record supporting Mrs. Fobbs' claim. *In the Appeal of Valerie M. Fobbs*, No. 03-18 501, slip op. at 5 (Bd. Vet. App. June 23, 2006).

Mrs. Fobbs appealed the Board's decision to the Veterans Court. The Veterans Court found that the Board's medical inquiry had been too narrow, and remanded with instructions to obtain a medical opinion as to whether it was as likely as not that Mr. Fobbs' death was related to service in any way other than asbestos exposure. *Fobbs v. Peake*, No. 06-2931, slip op. at 2-3 (Vet. App. Feb. 6, 2008).

On remand, a second VA examiner reviewed Mr. Fobbs' medical history and concluded that his death was neither caused by, nor resulted from, his military service, including any asbestos exposure or other environmental exposure. The Board then issued a decision that denied Mrs. Fobbs' claim of entitlement to service connection for Mr. Fobbs' death. *In the Appeal of Valerie M. Fobbs*, No. 03-18 501, slip op. at 8 (Bd. Vet. App. May 20, 2009). The Veterans Court affirmed the Board's decision. *Fobbs v. Shinseki*, No. 09-1998 (Vet. App. February 28, 2011). Mrs. Fobbs now appeals to this court.

## II. DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Giving Mrs. Fobbs' extensive informal brief, including the medical reports, the broadest latitude, we identify the following eight issues for consideration in this appeal: (1) the Board failed to apply the guidelines set forth in M21-1MR (Service Connection for Disabilities Resulting from Exposure to Asbestos) to the facts of this case; (2) the Board failed to apply the prisoner of war presumptions of 38 C.F.R. § 3.309 to the facts of this case; (3) the Veterans Court misapplied *Barr v. Nicholson*, 21 Vet. App. 303 (Vet. App. 2007) to the facts of this case; (4) the Board misapplied the elements of 38 C.F.R. § 3.303 (Principles Relating to Service Connection), § 3.328 (Independent Medical Opinions), and § 4.2 (Interpretation of Examination Reports) to the facts of this case; (5) the Veterans Court misapplied the benefit of the doubt principle of 38 U.S.C. § 5107 to the facts of this case; (6) the Veterans Court misapplied the presumption of sound condition of 38 U.S.C. § 1111 to the facts of this case; (7) the VA violated its duty under 38 U.S.C. § 5103A to assist in developing the veteran's claim; and (8) the VA violated its duty under 38 U.S.C. § 5103 to notify claimants of required information and evidence.

It is not always easy to distinguish issues which are pure questions of legal interpretation, presenting cases over which we have jurisdiction, from cases in which the questions challenge a law or regulation as applied to the facts of the particular case, cases which by statute we may not review. We have considered each of Mrs. Fobbs' arguments and conclude that although they are framed as constitutional issues or as challenges to the Veterans Court's interpretation of a statute, in fact the issues are not constitutional and the arguments actually challenge factual conclusions reached by the Board, or the application of laws and regulations to the facts of this particular case. The Veterans Court merely applied established law to the facts and circumstances of Mrs. Fobbs' case. Because we may not review these types of challenges, *see* 38 U.S.C. § 7292(d)(2), we dismiss Mrs. Fobbs' appeal for lack of appellate jurisdiction.

**DISMISSED**